1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and VALENTINO S.P.A., an Italian corporation,<br><br>Plaintiffs,<br><br>v.<br><br>KAITLYN PAN GROUP, LLC f/k/a/ "JANE'S INTERNATIONAL TRADING, LLC", a New York limited liability corporation; HAO PAN, an individual, and JOHN and/or JANE DOES 1-10,<br><br>Defendants. | No.<br><br>COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF |

## I.   INTRODUCTION

1.      Valentino S.p.a. ("Valentino") is a legendary luxury fashion brand.  Since 1960, Valentino has been synonymous with high fashion apparel and merchandise worn by the well-dressed and fashionistas and beloved and endorsed by countless movie stars and celebrities. Valentino is an acknowledged industry leader, recognized for unique and innovative styling, high-quality materials, and outstanding craftsmanship.  Its products have gained a reputation for their quality and bold style.

2.      Among Valentino's most popular and recognizable products are its Rockstud shoes, sold under the Valentino Garavani and Rockstud trademarks, which feature metallic, three-dimensional, pyramid-shaped studs on heels, ballet flats, mules, and sandals.  The

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

distinctive studs and their configuration and placement in the shoe design is unique to Valentino, well-known, and instantly recognized by consumers as a symbol of Valentino's high-quality products, reputation, and goodwill.  Since launching in 2010, Valentino Garavani Rockstud shoes have been in consistent demand in the United States and around the world and have been photographed on countless celebrities while earning extensive critical review and acclaim.  Within five years of introducing the Rockstud shoes, Valentino's revenues doubled.

3.     Since opening its virtual doors on the World Wide Web in July 1995, Amazon.com, Inc. ("Amazon") has worked hard to build and maintain customer trust, striving to be the world's most customer-centric company.  Each day, millions of consumers use Amazon's store to purchase a wide range of products across dozens of product categories from Amazon and third-party sellers.

4.     Amazon invests significant resources and effort into building and preserving its customers' trust.  To protect consumers and preserve the integrity of the Amazon store, Amazon has robust policies and highly developed fraud detection systems to prevent third-party bad actors from selling counterfeit products in Amazon's store.  When Amazon discovers that a bad actor is attempting to violate Amazon's anti-counterfeiting policies, it takes immediate action to remove the bad actor from the store and, in appropriate cases, to permanently enjoin the bad actor from future sales through court orders.

5.     Valentino's distinctive and bestselling Rockstud designs have been the subject of frequent copying by those attempting to capitalize on Valentino's success.  Two of these imitators are Kaitlyn Pan Group, LLC and Hao Pan (collectively "Defendants"), who introduced a line of shoes that blatantly copy the iconic look and design of Valentino Garavani Rockstud shoes, infringing Valentino's trademark and design patents.  Defendants advertise and sell the infringing products through their website www.kaitlynpan.com, without Valentino's authorization and in violation of Valentino's valuable intellectual property ("IP") rights.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants also operated a selling account on Amazon's online store through which they unlawfully advertised and sold infringing shoes.

6.      Defendants' unlawful copying and infringement of Valentino Garavani Rockstud shoe designs is knowing and willful, and continues despite Valentino's cease-and-desist letter to Defendants, as well as notice from Amazon to Defendants of certain of Valentino's claims.

7.      As a result of their illegal actions, Defendants have infringed and misused Valentino's IP; willfully deceived Amazon and its customers; attempted to compromise the integrity of Amazon's store, which risked undermining the trust that customers place in Amazon and Valentino; tarnished Amazon's and Valentino's brands and reputations; and harmed Amazon and Valentino and their customers.  Additionally, Defendants' illegal actions have caused Amazon and Valentino to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from inflicting further and continued harm on Amazon, Valentino, and their customers.

8.      Defendants' illegal actions as described below breached numerous provisions of Amazon's Business Solutions Agreement ("BSA"), which entitles Amazon to injunctive relief to stop Defendants from infringing and misusing Valentino's IP and to prevent them from selling their infringing products.  Defendants' actions also constitute trademark infringement and counterfeiting and unfair competition under the Lanham Act, 15 U.S.C. § 1114 and § 1125, design patent infringement under 35 U.S.C. § 271, and unfair competition under the common law of Washington, for which Amazon and Valentino seek various forms of damages and equitable relief.

## II.      THE PARTIES

9.      Amazon is a Delaware corporation with its principal place of business in Seattle, Washington.  Through its subsidiaries, Amazon owns and operates the Amazon.com website, equivalent international websites, and Amazon stores.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

10.     Valentino is an Italian corporation with its principal place of business in Milan, Italy.  Valentino is the owner of several patented designs and a trademark used in connection with its Rockstud shoe products.  Valentino and its licensees, authorized distributors, and affiliates are the sole and exclusive distributors in the United States of women's shoes bearing the protected Rockstud designs and trademark.

11.     On information and belief, Defendant Kaitlyn Pan Group, LLC, formerly known as Jane International, LLC, is a New York entity with its principal place of business at 1967 Wehrle Drive, Ste 1, Buffalo, New York 14221-8452.  On further information and belief, Defendant Kaitlyn Pan Group, LLC personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit as a result of that wrongful conduct.

12.     On information and belief, Defendant Hao Pan is either an individual who resides in New York or is an alter ego of Defendant Kailyn Pan Group, LLC.  On further information and belief, Hao Pan personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.

13.     On information and belief, Defendants John and/or Jane Does 1-10 (the "Doe Defendants") are individuals and entities working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products.

### III.     JURISDICTION AND VENUE

14.     The Court has subject matter jurisdiction over Valentino's claims for trademark infringement and counterfeiting under 15 U.S.C. § 1121 (action arising under Lanham Act); 28 U.S.C. § 1331 (federal question); and subject matter jurisdiction over Valentino's claims for patent infringement under 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks).

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

4

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

15.     The Court has jurisdiction over Amazon's breach of contract claim pursuant to 28 U.S.C. § 1332 (diversity) and/or 28 U.S.C. § 1367 (supplemental jurisdiction).

16.     The Court has personal jurisdiction over Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's and Valentino's claims arise from those activities.  Defendants reached out to do business with Washington residents by operating commercial, interactive internet storefronts through which Washington residents could purchase products that infringed Valentino's IP. Defendants targeted sales to Washington residents by operating these internet storefronts that (i) offered shipping throughout the United States, including Washington; and (ii) sold infringing products to residents of Washington.  Defendants are committing tortious acts in Washington and have wrongfully caused Amazon and Valentino substantial injury in Washington.

17.     Further, on March 25, 2015, Defendants entered into the BSA with Amazon for their selling account, stipulating that the "Governing Court" for claims to enjoin infringement of IP is state or federal court in King County, Washington.

18.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington, and because the BSA explicitly rests venue in this District.

19.     Pursuant to Local Civil Rule 3(e), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV.     FACTS

### A.     Amazon's Significant Efforts to Prevent the Sale of Counterfeit and Infringing Goods

20.     Since opening its virtual doors on the World Wide Web in July 1995, Amazon.com has worked hard to build and maintain customer trust, striving to be the world's most customer-centric company.  Each day, consumers use Amazon's store to purchase a wide

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

range of products across dozens of product categories from Amazon and third-party sellers. Amazon recognizes that customer trust is hard to win and easy to lose, so Amazon invests significant resources and effort into building and preserving its customers' trust.

21.     Amazon works hard to build a reputation as a store where customers can conveniently select from a wide array of authentic goods and services at competitive prices. Amazon invests significant effort and resources to ensure that when a customer makes a purchase through Amazon's stores—either directly from Amazon or from one of its millions of third-party sellers—they will receive authentic products made by the true manufacturer of those products.

22.     A small number of bad actors seek to abuse that trust by attempting to create Amazon Selling Accounts and trying to use Amazon's store to market, sell, and distribute counterfeit or infringing goods.  These bad actors seek to misuse and infringe the trademarks and other IP of the actual manufacturer or rights owner of those goods to deceive consumers and Amazon.  The unlawful and expressly prohibited sale of counterfeit goods in Amazon's store threatens to undermine the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable reputational harm.

23.     Amazon prohibits the sale of inauthentic and infringing products and is constantly innovating on behalf of its customers and working with brands, manufacturers, rights owners, and others to improve the ways it detects and prevents counterfeit products from being sold to consumers.  Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to operate and continually refine its anti-counterfeiting program.  Among other things, when sellers register to sell products through Amazon's store, Amazon's automated systems scan information about the sellers for indicia that the prospective sellers might be bad actors, and Amazon blocks bad actors during registration before they can offer any products for sale.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

24.     Amazon's systems automatically and continuously scan thousands of variables related to sellers, products, and offers to detect activity that indicates products might be counterfeits offered by a bad actor.  Amazon uses innovative machine learning to improve its automated systems in order to anticipate and outwit bad actors.  Numerous Amazon investigators around the world respond quickly to review any listing identified as a potential counterfeit product.  These investigators also review notices of claimed infringement from rights owners, who are most familiar with their products.  When Amazon determines a product offered for sale is a counterfeit, it removes the product immediately.  Amazon regularly suspends or blocks bad actors suspected of engaging in illegal behavior or infringing others' IP rights.

25.     Amazon also listens to signals and feedback from customers, rights owners, regulators, and its selling partners to help identify and swiftly remove bad listings that make it past the proactive controls.  For example, Amazon continuously monitors the more than 45 million pieces of feedback it receives from customers each week. When Amazon detects issues based on this feedback, it takes action to address the specific issues and uses the information to improve its proactive controls to prevent issues from occurring in the first place.

26.     Amazon also works closely with brands and rights owners to strengthen protections for their brands on Amazon.com.  Amazon continues to invest in improvements to its tools with the goal of reducing invalid complaints by providing a self-guided, educational, and streamlined reporting experience for rights owners.

27.     Amazon also invests heavily in developing and continuously improving its programs and tools to prevent counterfeiting.  For example, in 2017, Amazon launched the Amazon Brand Registry, which is free to any rights owner with a government-registered trademark, regardless of their economic relationship with Amazon.  Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP.  Brand Registry also provides a powerful Report a Violation tool that allows brands to search for and accurately report potentially infringing products using state-of-the-art

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

image search technology.  More than 350,000 brands are enrolled in Brand Registry, and those brands that do so are finding and reporting 99% fewer suspected infringements than before their participation in Brand Registry. Indeed, Valentino is enrolled in Brand Registry, and its participation has enabled Amazon to automatically block repeated efforts by bad actors to infringe on Valentino's intellectual property rights for its Rockstud shoes and other Valentino products.

28.     In 2018, Amazon launched Transparency, a product serialization service that effectively eliminates counterfeits for enrolled products.  Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased.  Since Transparency's launch in 2018, over 7,500 brands have enrolled, protecting over 25,000 products, and preventing over 400,000 counterfeit products from being sold.

29.     In 2019, Amazon launched Amazon Project Zero, a program to empower brands to help Amazon drive counterfeits to zero.  Amazon Project Zero introduced a novel self-service counterfeit removal tool that enables brands to remove counterfeit listings directly from Amazon stores.  This enables brands to take down listings on their own and have them removed from Amazon stores within minutes.  Since the program launched in 2019, over 9,000 brands have enrolled.

30.     In addition, Amazon partners with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity.  Lawsuits like this one, targeted directly at identified bad actors, further complement Amazon's efforts to prevent the sale and distribution of counterfeit and infringing goods.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### B.   Valentino and Its Anti-Counterfeiting Efforts

31.   For over fifty years, Valentino has been a cornerstone of the international fashion scene, creating statement making ready-to-wear, evocative fragrances, and signature shoes and handbags under the trademark Valentino Garavani.

32.   Valentino sells its products to customers in a variety of ways, including through more than nine branded designer boutiques in the United States, numerous high-end department stores, including Neiman Marcus, Barneys, Saks, Nordstrom, Harvey Nichols, Macy's, Selfridge's, and Bloomingdales, and other authorized third-party retailers, and its website, www.valentino.com.

33.   Valentino is the owner of an extensive intellectual property portfolio.  Relevant to this Complaint, Valentino owns a registered trademark for "ROCKSTUD," Trademark Registration No. 4362864, for use in connection with footwear, among other goods (the "Valentino Trademark").  A true and correct copy of the registration certificate for the Valentino Trademark reflecting Valentino's ownership is attached as **Exhibit A**.  Such right, title, and interest includes, without limitation, the right to sue and receive damages for past, present, and future trademark infringement and counterfeiting.

34.   By way of assignment, Valentino is the owner of all rights, title, and interest in and to United States Design Patent No. D818,249 for an ornamental design entitled "Shoe." Design Patent No. D818,249, a copy of which is attached as **Exhibit B**, was duly issued on May 22, 2018, by the United States Patent and Trademark Office.  Such right, title, and interest includes, without limitation, the right to sue and receive damages for past, present, and future patent infringement.

35.   By way of assignment, Valentino is the owner of all rights, title, and interest in and to United States Design Patent No. D817,608 for an ornamental design entitled "Shoe." Design Patent No. D817,608, a copy of which is attached as **Exhibit C**, was duly issued on May 15, 2018, by the United States Patent and Trademark Office.  Such right, title, and interest

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

includes, without limitation, the right to sue and receive damages for past, present, and future patent infringement.

36.     By way of assignment, Valentino is the owner of all rights, title and interest in and to United States Design Patent No. D779,796 for an ornamental design entitled "Shoe." Design Patent No. D779,796, a copy of which is attached as **Exhibit D**, was duly issued on February 28, 2017, by the United States Patent and Trademark Office.  Such right, title, and interest includes, without limitation, the right to sue and receive damages for past, present, and future patent infringement.

37.     By way of assignment, Valentino is the owner of all rights, title, and interest in and to United States Design Patent No. D835,895 for an ornamental design entitled "Shoe." Design Patent No. D835,895, a copy of which is attached as **Exhibit E**, was duly issued on December 18, 2018, by the United States Patent and Trademark Office.  Such right, title, and interest includes, without limitation, the right to sue and receive damages for past, present, and future patent infringement.

38.     By way of assignment, Valentino is the owner of all rights, title, and interest in and to United States Design Patent No. D812,354 for an ornamental design entitled "Shoe." Design Patent No. D812,354, a copy of which is attached as **Exhibit F**, was duly issued on March 13, 2018, by the United States Patent and Trademark Office.  Such right, title, and interest includes, without limitation, the right to sue and receive damages for past, present, and future patent infringement.

39.     By way of assignment, Valentino is the owner of all rights, title, and interest in and to United States Design Patent No. D852,473 for an ornamental design entitled "Shoe." Design Patent No. D852,473, a copy of which is attached as **Exhibit G**, was duly issued on July 2, 2019, by the United States Patent and Trademark Office.  Such right, title, and interest includes, without limitation, the right to sue and receive damages for past, present, and future patent infringement.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

40.     The design patents described in Paragraphs 33–39 are referred to collectively as "Valentino's Design Patents."

| U.S. Design Patent Registration Number | Valentino Design Patent |
|---|---|
| D818,249 | |
| D817,608 | |
| D779,796 | |
| D835,895 | |
| D812,354 | |
| D852,473 | |

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

41.     Valentino is committed to protecting consumers from counterfeit and infringing products.  Valentino regularly monitors websites for counterfeit and infringing products, and works cooperatively with retailers and other entities around the world to combat the sale of counterfeits.  Partnering with Amazon in the shared goal to eradicate counterfeiting is a critical part of Valentino's strategy.

C.     **Defendants Created an Amazon Selling Account and Agreed Not to Sell Counterfeit and Infringing Goods**

42.     Defendants established and operated an Amazon selling account, through which they sought to advertise, market, sell, and distribute counterfeit Valentino Garavani Rockstud shoes.

43.     To become a third-party seller on Amazon's website, sellers are required to agree to the BSA, which governs the applicant's access to and use of Amazon's services and sets forth Amazon's rules and restrictions for selling through the website.  By entering into the BSA, each seller represents and warrants that it "will comply with all applicable Laws in [the] performance of [its] obligations and exercise of [its] rights" under the BSA.  A true and correct copy of the BSA Defendants signed is attached as **Exhibit H**.

44.     The BSA incorporates (and sellers therefore agree to be bound by) Amazon's Anti-Counterfeiting Policy, attached as **Exhibit I**, which explicitly prohibits the sale of counterfeit goods in the Amazon store:

- The sale of counterfeit products is strictly prohibited.

- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured

- You must provide records about the authenticity of your products if Amazon requests that documentation

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfilment centers, and other legal consequences.

*Id.*

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

45. Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon store, and the consequences Amazon imposes when it becomes aware of counterfeiting:

- **Sell Only Authentic and Legal Products.** It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:

  o Bootlegs, fakes, or pirated copies of products or content

  o Products that have been illegally replicated, reproduced, or manufactured

  o Products that infringe another party's intellectual property rights

- **Maintain and Provide Inventory Records.** Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.

- **Consequences of Selling Inauthentic Products.** If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

- **Amazon Takes Action to Protect Customers and Rights Owners.** Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:

  o Remove suspect listings.

  o Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

- **Reporting Inauthentic Products.** We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

us. We will promptly investigate and take all appropriate
actions to protect customers, sellers, and rights holders. You
may view counterfeit complaints on the Account Health page
in Seller Central.

*Id.*

46.     By virtue of becoming a third-party seller on Amazon's website, and establishing

a selling account, Defendants explicitly agreed to, and are bound by, the BSA (among other

agreements).  Defendants thus agreed not to advertise, market, sell, or distribute counterfeit

products.

### D.     The Iconic Valentino Garavani Rockstud Shoe Collection

47.     In 2010, Valentino designers Maria Grazia Chiuiri and Pierpaolo Piccioli created

the Valentino Garavani Rockstud footwear collection, which rapidly grew into one of

Valentino's most iconic and popular lines and quickly achieved renown with consumers, the

media and the footwear industry.

48.     Since their debut in 2010, Valentino has continuously and extensively marketed,

promoted, and sold its Rockstud shoes, which are sold under the Valentino Garavani Trademark

and incorporate Valentino's Design Patents.  Indeed, the Rockstud shoes have been a mainstay

on store shelves for over a decade, highlighting their strength in the market and constant

profitability.

49.     Valentino Garavani Rockstud shoes sold under the Valentino Trademark and

using Valentino's Design Patents have been described as "one of the biggest footwear hits of the

last decade," as holding a place in "the iconic accessories" hall of fame, and as one of "the most

iconic design accessories of all time."[1]

---

[1] *Tied up, valentino style*, Birmingham Mail (UK), 2017 WLNR 30459934, (Oct. 5, 2017);
Emma Akbareian, *Sold out Valentino Rockstud shoes send company profits soaring*, Independent
Online (June 1, 2015), https://www.independent.co.uk/life-style/fashion/news/valentino-
rockstud-shoes-send-company-profits-soaring-10289001.html; Milli Midwood, *The Rise of the
Valentino Rockstud*, The Luxury Closet (Oct. 21, 2015), https://blog.theluxurycloset.com/2015/
10/21/rise-valentino-rockstud/.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

14

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

50.   Valentino has sold hundreds of million dollars' worth of Rockstud shoes since 2010.

51.   Within five years of introducing the Rockstud shoes, Valentino's revenues doubled.[2]

52.   Valentino Garavani Rockstud shoes currently retail between US$425.00 and US$1,095.00, underscoring their exclusivity and high quality.

53.   Valentino has invested millions of dollars in promoting the sales of its Rockstud shoes in a wide variety of media.

54.   Valentino Garavani Rockstud shoes have been heavily and widely promoted throughout the United States and the world, featured by different media outlets, and worn by countless celebrities appearing in magazines, social media, and news articles.

55.   Valentino Garavani  Rockstud shoes have been the subject of extensive third-party press and unsolicited media coverage, such as in Vogue, Harper's Bazaar, and the Wall Street Journal.

56.   In short, the media recognizes that "Valentino [Garavani] Rockstud shoes have become a closet staple in every silhouette and shade since they first hit the scene in 2010.  The brand's now signature extra is coveted by bloggers, editors and celebs alike . . . ."[3]

57.   As a result of Valentino's extensive sales and advertising, its quality standards and exclusivity of sales through Valentino and authorized distributors, as well as unsolicited press and word of mouth, Valentino Garavani Rockstud shoes have come to symbolize Valentino, its high-quality goods, and its reputation and goodwill.

---

[2] Lauren Milligan, *The Secret of Valentino's Success Revealed*, Vogue UK (May 29, 2015), https://www.vogue.co.uk/article/valentino-rockstud-shoes-sell-out-accessories-sales-up; Harper's Bazaar Staff, *The Secret of Valentino's Success Revealed*, Harper's Bazaar (June 2, 2015), https://www.harpersbazaar.com.sg/fashion/the-secret-of-valentinos-success-revealed/.

[3] Harper's Bazaar Staff, *The Secret of Valentino's Success Revealed*, Harper's Bazaar (June 2, 2015), https://www.harpersbazaar.com.sg/fashion/the-secret-of-valentinos-success-revealed/.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

58.     Valentino has protected its innovative designs through a broad range of intellectual property rights, including through trademarks and design patents issued by the United States Patent and Trademark Office.

59.     Valentino is the owner of the Valentino Trademark, which it uses in connection with the sale of its iconic Rockstud footwear collection. *See* **Exhibit A**.

60.     Valentino's Design Patents cover the ornamental features of Valentino Garavani Rockstud shoe designs.

61.     The features covered by the Valentino Design Patents are not dictated by function; rather, they are the product of aesthetic choices made by Valentino when it created the designs.

### E.     Defendants' Sale of Counterfeit and Infringing Products

62.     Rather than innovate and develop their own shoe designs, Defendants chose to copy the Valentino Trademark and Valentino's Design Patents by selling to U.S. consumers shoes that infringed Valentino's IP rights through Amazon.com and their website, www.kaitlynpan.com.

63.     Defendants knowingly and willfully used the Valentino Trademark in connection with the advertisement, marketing, distribution, offering for sale, and sale of counterfeit Valentino products in the United States and Washington.

64.     Defendants advertised, marketed, distributed, offered for sale, and sold the following products under the Valentino Trademark:

| Defendants' Infringing Use of the Valentino Trademark | Defendants' Infringing Product |
|---|---|
| Kaitlyn Pan RockStud Ballerina Leather Flats | |

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

16

4845-0427-1808v.1 0051461-001134

| | |
|---|---|
| Kaitlyn Pan RockStud Strappy Ballerina Leather Flats | |
| Kaitlyn Pan RockStud Slingback High Heel Leather Pumps | |
| Kaitlyn Pan RockStud Slingback Kitten Heel Leather Pumps | |
| Kaitlyn Pan Rockstud T-Strap Flat Sandal | |

65.     Despite Defendants' knowledge of Valentino's Design Patents, Defendants continued to advertise, market, distribute, offer for sale, and sell the below infringing products that incorporate or embody Valentino's Design Patents:

| Valentino's Design Patent | Valentino Garavani Shoe Embodying Valentino's Design Patent | Defendants' Infringing Product |
|---|---|---|

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27



COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

  

66.     The products identified in Paragraphs 64 and 65 are collectively referred to as the "Infringing Products."  Each of these Infringing Products was sold using the Valentino Trademark, or incorporated or embodied a Valentino Design Patent, or both.

67.     Up and until September 25, 2019, Defendants continued to sell their Infringing Products through Amazon.com that infringed and unfairly competed with Valentino's authentic shoes.  Defendants to date continue to sell Infringing Products on the www.kaitlynpan.com website.

68.     In or around March 2019, Valentino conducted a test purchase from Defendants' selling account of a product Defendants advertised as a "RockStud Slingback Leather Pump." Defendants used the Valentino Trademark to advertise the product, and the actual product bore indications of Valentino's brand.  Valentino reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

69.     In or around March 2019, Valentino conducted a test purchase from Defendants' website, www.kaitlynpan.com, for a product advertised by Defendants as a "Studded Slingback High Heel Pump."  The actual product embodied Valentino's Design Patent No. D852,473, and other indications of Valentino's brand.  Valentino reviewed the product Defendants shipped and determined that the product sold by Defendants is counterfeit.

70.     Defendants' copying and infringing of the Valentino Trademark and Valentino Design Patents is intentional and willful.  Defendants' sale of the Infringing Products has been the subject of Valentino's policing efforts, including multiple takedown notices sent to Defendants, yet Defendants continue to import, distribute, sell, and offer for sale Infringing Products.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

71.   For example, on April 2, 2019, Valentino sent Defendants a letter putting Defendants on notice of their infringing activities.  A true and correct copy of that cease and desist letter is attached hereto as **Exhibit J.**  Defendant Hao Pan responded and identified himself as the "Managing Member" of Kaitlyn Pan Group, LLC.  Defendant Hao Pan, on behalf of and as Kaitlyn Pan Group, LLC, agreed to remove some Infringing Products from Amazon and Defendants' website, but failed to do so.

72.   Defendants' bad faith is further evidenced by the trademark application Defendant Kaitlyn Pan Group, LLC filed on September 10, 2019 for the word mark ROCK'N STUDS BY KAITLYN PAN, Serial Number 88611397, for use in connection with "Footwear; shoes; boots; handbags."  A true and correct copy of Defendant Kaitlyn Pan Group LLC's trademark application filed on September 10, 2019 is attached hereto as **Exhibit K**.

73.   Defendant Kaitlyn Pan Group, LLC's trademark application for ROCK'N STUDS BY KAITLYN PAN fully incorporates the Valentino Trademark, and was filed after Defendants received notice from Valentino of their infringing activities.

74.   Defendants had full knowledge of Valentino's prior exclusive rights, the reputation and goodwill of the Valentino Trademark and the Valentino Design Patents, and that those identifiers are associated exclusively with Valentino.

75.   Defendants, without any authorization or license from Valentino, have knowingly and willfully used the Valentino Trademark and to embody the designs in Valentino's Design Patents in connection with the importation, marketing, offering for sale, and sale of the Infringing Products through the Internet.

76.   Valentino has not licensed or authorized Defendants to import, market, offer for sale, or sell products using the Valentino Trademark or embodying the designs in Valentino's Design Patents, or to use or exploit Valentino's IP rights.

77.   Defendants' use of the Valentino Trademark and embodiment of the designs in Valentino's Design Patents in connection with importing, marketing, offering for sale, and sale

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

of the Infringing Products is irrevocably harming Valentino, and unfairly and unlawfully wrests from Valentino control over its reputation.  Valentino has no adequate remedy at law.

### F.   Amazon and Valentino Shut Down Defendants' Account

78.   Despite repeated warnings from Amazon, Defendants continued to sell infringing Valentino products.

79.   Defendants also knowingly and willfully used Valentino's IP in connection with the advertisement, distribution, offering for sale, and sale of counterfeit Valentino products into the United States and Washington over the Internet.

80.   At all times, Defendants knew that the BSA prohibited the use of Amazon's store to distribute infringing goods.  Defendants knowingly and intentionally breached the BSA by marketing, selling, and distributing infringing goods in Amazon's store.

81.   Defendants have deceived Amazon's customers and Amazon, infringed and misused Valentino's IP, and harmed the integrity of Amazon's store and tarnished Amazon's and Valentino's brands.

82.   By virtue of becoming a third-party seller on Amazon's website, and establishing a selling account, Defendants explicitly agreed to, and are bound by, the BSA (among other agreements).  Defendants, therefore, agreed not to advertise, market, sell, or distribute counterfeit products.

83.   Defendants advertised, marketed, sold, and distributed counterfeit and infringing products that infringed the Valentino Trademark and Valentino's Design Patents.  This conduct violated the BSA.

84.   Amazon, after receiving notice from Valentino, confirmed Defendants' unlawful sale of Infringing Products and blocked Defendants' selling account.  In doing so, Amazon exercised its rights under the BSA to protect its customers, Valentino, and the integrity of its store.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

85.     In Amazon's experience, however, it is not uncommon for bad actors who attempt to sell counterfeit and infringing products and are blocked by Amazon to then attempt fraudulently to create new selling identities to obtain access to the Amazon store.  Thus, unless Defendants and all of their affiliated and/or successor entities are immediately and permanently enjoined from using Amazon's store to sell goods, the harm Defendants caused to Amazon, legitimate third-party manufacturers/sellers like Valentino, and consumers is likely to continue.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
#### (by Valentino against all Defendants)
### Trademark Infringement and Trademark Counterfeiting – 15 U.S.C. § 1114

86.     Plaintiffs incorporate by reference the allegations of each and all of the preceding paragraphs as though set forth herein.

87.     Defendants' activities constitute infringement and/or counterfeiting of the Valentino Trademark as described in the paragraphs above.

88.     Valentino advertises, markets, and distributes its products using the Valentino Trademark described above and uses this trademark to distinguish its products from the products and related items of others in the same or related fields.

89.     Because of Valentino's long, continuous, and exclusive use of the Valentino Trademark identified in this complaint, it has come to mean, and is understood by customers and the public to signify, products from Valentino.

90.     Defendants unlawfully advertised and sold products bearing a counterfeit trademark of Valentino.  The infringing and/or counterfeiting materials that Defendants have and continue to advertise, market, install, offer, and distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

91.     Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing and/or counterfeiting materials that Defendants are advertising,

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

22

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

marketing, offering, and/or distributing originate with or are authorized by Valentino, thereby harming Valentino, its licensees, and the public.

92.     At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, their authority to use the Valentino Trademark and the confusion that the use of that trademark would have on consumers as to the source, sponsorship, affiliation or approval by Valentino of the products using those trademarks.

93.     As a result of Defendants' wrongful conduct, Valentino is entitled to recover its actual damages, Defendants' profits attributable to the infringement and/or counterfeiting, and treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117 (a) and (b).  The amount of money due from Defendants to Valentino is unknown to Valentino and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of counterfeit, infringing material advertised, marketed, offered or distributed by Defendants.  Alternatively, Valentino is entitled to statutory damages under 15 U.S.C. § 1117(c).

94.     Valentino is further entitled to injunctive relief, including an order impounding all infringing and/or counterfeiting materials.  Valentino has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the Valentino Trademark is unique and valuable property that has no readily determinable market value; (b) Defendants' infringement and/or counterfeiting constitutes harm to Valentino's reputation and goodwill such that Valentino could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing and/or counterfeiting materials; and (d) Defendants' wrongful conduct, and the resulting harm to Valentino, is continuing.

**SECOND CAUSE OF ACTION**
***(by Valentino against Defendants)***
**Trademark Infringement as a form of Unfair Competition – 15 U.S.C. § 1125 *et seq.***

95.     Plaintiffs incorporate by reference the allegations of each and all of the preceding paragraphs as though set forth herein.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

23

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

96.     Defendants' activities constitute infringement of the Valentino Trademark as described in the paragraphs above.

97.     Valentino advertises, markets, and distributes its products using the Valentino Trademark described above and uses this trademark to distinguish its products from the products and related items of others in the same or related fields.

98.     Because of Valentino's long, continuous, and exclusive use of the Valentino Trademark identified in this complaint, it has come to mean, and is understood by customers and the public to signify, products from Valentino.

99.     Defendants unlawfully advertised and sold products bearing a counterfeit trademark of Valentino.  The infringing materials that Defendants have and continue to advertise, market, install, offer, and distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

100.    Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, offering, and/or distributing originate with or are authorized by Valentino, thereby harming Valentino, its licensees, and the public.

101.    At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, their authority to use the Valentino Trademark and the confusion that the use of that trademark would have on consumers as to the source, sponsorship, affiliation or approval by Valentino of the products using those trademarks.

102.    As a result of Defendants' wrongful conduct, Valentino is entitled to recover its actual damages, Defendants' profits attributable to the infringement, costs, and attorneys' fees pursuant to 15 U.S.C. § 1117(a).  The amount of money due from Defendants to Valentino is unknown to Valentino and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of counterfeit, infringing material advertised, marketed, promoted, sold or distributed by Defendants.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

24

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

103.    In addition, pursuant to 15 U.S.C. § 1118, Valentino is entitled to an order requiring destruction of all Infringing Products and promotional materials in Defendants' possession.

**THIRD CAUSE OF ACTION**
*(by Valentino against Defendants)*
**Infringement of U.S. Design Patent No. D818,249 – 35 U.S.C. § 271**

104.    Plaintiffs incorporate by reference the allegations of each and all of the preceding paragraphs as though set forth herein.

105.    Valentino is the owner of all rights, title, and interest in and to U.S. Design Patent No. D818,249.

106.    Defendants, without authorization from Valentino, have made, used, offered for sale, sold, and/or imported into or in the United States, and continue to make, use, offer for sale, sell, and/or import into or in the United States the Infringing Products which embody the design covered by U.S. Design Patent No. D818,249.

107.    U.S. Design Patent No. D818,249 is infringed by Defendants' Infringing Products because in the eye of an ordinary observer, Defendants' design is substantially the same as the claimed design in U.S. Design Patent No. D818,249.

108.    By the foregoing acts, Defendants have infringed U.S. Design Patent No. D818,249 literally or under the doctrine of equivalents in violation of 35 U.S.C. §§ 271, et seq.

109.    Defendants' infringement is willful because it was and is done with knowledge of U.S. Design Patent No. D818,249 and knowledge that their conduct is and was an infringement, yet Defendants proceeded anyway.

110.    Defendants continue to engage in infringing U.S. Design Patent No. D818,249 as set forth above, and unless restrained and enjoined, Defendants will continue to do so, all to Valentino's irreparable damage.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

4845-0427-1808v.1 0051461-001134

111.   Valentino has suffered and will continue to suffer from the diversion of customers, sales and revenues from Valentino to Defendants, as well as from the reduction of goodwill associated by consumers with Valentino's products.

112.   Valentino does not have an adequate remedy at law.

113.   Valentino seeks to recover all of Defendants' infringing profits under 35 U.S.C. § 289, a reasonable royalty and trebling of damages for willful infringement under 35 U.S.C. § 284, as well as recovery of attorneys' fees under 35 U.S.C. § 285.

114.   Valentino seeks an order pursuant to 35 U.S.C. § 283 declaring that, by offering to sell and by selling the Infringing Products, Defendants have infringed upon U.S. Design Patent No. D818,249 and further restraining and enjoining Defendants from any additional infringement.

### FOURTH CAUSE OF ACTION
### *(by Valentino against Defendants)*
### Infringement of U.S. Design Patent No. D817,608– 35 U.S.C. § 271

115.   Plaintiffs incorporate by reference the allegations of each and all of the preceding paragraphs as though set forth herein.

116.   Valentino is the owner of all rights, title, and interest in and to U.S. Design Patent No. D817,608.

117.   Defendants, without authorization from Valentino, have made, used, offered for sale, sold, and/or imported into or in the United States, and continue to make, use, offer for sale, sell, and/or import into or in the United States the Infringing Products which embody the design covered by U.S. Design Patent No. D817,608.

118.   U.S. Design Patent No. D817,608 is infringed by Defendants' Infringing Products because in the eye of an ordinary observer, Defendants' design is substantially the same as the claimed design in U.S. Design Patent No. D817,608.

119.   By the foregoing acts, Defendants have infringed U.S. Design Patent No. D817,608 literally or under the doctrine of equivalents in violation of 35 U.S.C. §§ 271, et seq.

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

120.     Defendants' infringement is willful because it was and is done with knowledge of U.S. Design Patent No. D817,608 and knowledge that their conduct is and was an infringement, yet Defendants proceeded anyway.

121.     Defendants continue to engage in infringing U.S. Design Patent No. D817,608 as set forth above, and unless restrained and enjoined, Defendants will continue to do so, all to Valentino's irreparable damage.

122.     Valentino has suffered and will continue to suffer from the diversion of customers, sales and revenues from Valentino to Defendants, as well as from the reduction of goodwill associated by consumers with Valentino's Products.

123.     Valentino does not have an adequate remedy at law.

124.     Valentino seeks to recover all of Defendants' infringing profits under 35 U.S.C. § 289, a reasonable royalty and trebling of damages for willful infringement under 35 U.S.C. § 284, as well as recovery of attorneys' fees under 35 U.S.C. § 285.

125.     Valentino seeks an order pursuant to 35 U.S.C. § 283 declaring that, by offering to sell and by selling the Infringing Products Defendants, have infringed upon U.S. Design Patent No. D817,608 and further restraining and enjoining Defendants from any additional infringement.

### FIFTH CAUSE OF ACTION
### *(by Valentino against Defendants)*
### Infringement of U.S. Design Patent No. D779,796 – 35 U.S.C. § 271

126.     Plaintiffs incorporate by reference the allegations of each and all of the preceding paragraphs as though set forth herein.

127.     Valentino is the owner of all rights, title, and interest in and to U.S. Design Patent No. D779,796.

128.     Defendants, without authorization from Valentino, have made, used, offered for sale, sold, and/or imported into or in the United States, and continue to make, use, offer for sale,

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

sell, and/or import into or in the United States the Infringing Products which embody the design covered by U.S. Design Patent No. D779,796.

129.    U.S. Design Patent No. D779,796 is infringed by Defendants' Infringing Products because in the eye of an ordinary observer, Defendants' design is substantially the same as the claimed design in U.S. Design Patent No. D779,796.

130.    By the foregoing acts, Defendants have infringed U.S. Design Patent No. D779,796 literally or under the doctrine of equivalents in violation of 35 U.S.C. §§ 271, et seq.

131.    Defendants' infringement is willful because it was and is done with knowledge of U.S. Design Patent No. D779,796 and knowledge that their conduct is and was an infringement, yet Defendants proceeded anyway.

132.    Defendants continue to engage in infringing U.S. Design Patent No. D779,796 as set forth above, and unless restrained and enjoined, Defendants will continue to do so, all to Valentino's irreparable damage.

133.    Valentino has suffered and will continue to suffer from the diversion of customers, sales and revenues from Valentino to Defendants, as well as from the reduction of goodwill associated by consumers with Valentino's Products.

134.    Valentino does not have an adequate remedy at law.

135.    Valentino seeks to recover all of Defendants' infringing profits under 35 U.S.C. § 289, a reasonable royalty and trebling of damages for willful infringement under 35 U.S.C. § 284, as well as recovery of attorneys' fees under 35 U.S.C. § 285.

136.    Valentino seeks an order pursuant to 35 U.S.C. § 283 declaring that, by offering to sell and by selling the Infringing Products, Defendants have infringed upon U.S. Design Patent No. D779,796 and further restraining and enjoining Defendants from any additional infringement.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## SIXTH CAUSE OF ACTION
### *(by Valentino against Defendants)*
### Infringement of U.S. Design Patent No. D835,895 – 35 U.S.C. § 271

137.     Plaintiffs incorporate by reference the allegations of each and all of the preceding paragraphs as though set forth herein.

138.     Valentino is the owner of all rights, title, and interest in and to U.S. Design Patent No. D835,895.

139.     Defendants, without authorization from Valentino, have made, used, offered for sale, sold, and/or imported into or in the United States, and continue to make, use, offer for sale, sell, and/or import into or in the United States the Infringing Products which embody the design covered by U.S. Design Patent No. D835,895.

140.     U.S. Design Patent No. D835,895 is infringed by Defendants' Infringing Products because in the eye of an ordinary observer, Defendants' design is substantially the same as the claimed design in U.S. Design Patent No. D835,895.

141.     By the foregoing acts, Defendants have infringed U.S. Design Patent No.  D835,895 literally or under the doctrine of equivalents in violation of 35 U.S.C. §§ 271, et seq.

142.     Defendants' infringement is willful because it was and is done with knowledge of U.S. Design Patent No. D835,895 and knowledge that their conduct is and was an infringement, yet Defendants proceeded anyway.

143.     Defendants continue to engage in infringing U.S. Design Patent No. D835,895 as set forth above, and unless restrained and enjoined, Defendants will continue to do so, all to Valentino's irreparable damage.

144.     Valentino has suffered and will continue to suffer from the diversion of customers, sales and revenues from Valentino to Defendants, as well as from the reduction of goodwill associated by consumers with Valentino's Products.

145.     Valentino does not have an adequate remedy at law.

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    146.    Valentino seeks to recover all of Defendants' infringing profits under 35 U.S.C.

2 § 289, a reasonable royalty and trebling of damages for willful infringement under 35 U.S.C.

3 § 284, as well as recovery of attorneys' fees under 35 U.S.C. § 285.

4    147.    Valentino seeks an order pursuant to 35 U.S.C. § 283 declaring that, by offering

5 to sell and by selling the Infringing Products, Defendants have infringed upon U.S. Design

6 Patent No. D835,895 and further restraining and enjoining Defendants from any additional

7 infringement.

8

**SEVENTH CAUSE OF ACTION**
***(by Valentino against Defendants)***

9

**Infringement of U.S. Design Patent No. D812,354– 35 U.S.C. § 271**

10    148.    Plaintiffs incorporate by reference the allegations of each and all of the preceding

11 paragraphs as though set forth herein.

12    149.    Valentino is the owner of all rights, title, and interest in and to U.S. Design Patent

13 No. D812,354.

14    150.    Defendants, without authorization from Valentino, have made, used, offered for

15 sale, sold, and/or imported into or in the United States, and continue to make, use, offer for sale,

16 sell, and/or import into or in the United States the Infringing Products which embody the design

17 covered by U.S. Design Patent No. D812,354.

18    151.    U.S. Design Patent No. D812,354 is infringed by Defendants' Infringing Products

19 because in the eye of an ordinary observer, Defendants' design is substantially the same as the

20 claimed design in U.S. Design Patent No. D812,354.

21    152.    By the foregoing acts, Defendants have infringed U.S. Design Patent No. D812,354

22 literally or under the doctrine of equivalents in violation of 35 U.S.C. §§ 271, et seq.

23    153.    Defendants' infringement is willful because it was and is done with knowledge of

24 U.S. Design Patent No. D812,354 and knowledge that their conduct is and was an infringement,

25 yet Defendants proceeded anyway.

26

27

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

154.   Defendants continue to engage in infringing U.S. Design Patent No. D812,354 as set forth above, and unless restrained and enjoined, Defendants will continue to do so, all to Valentino's irreparable damage.

155.   Valentino has suffered and will continue to suffer from the diversion of customers, sales and revenues from Valentino to Defendants, as well as from the reduction of goodwill associated by consumers with Valentino's Products.

156.   Valentino does not have an adequate remedy at law.

157.   Valentino seeks to recover all of Defendants' infringing profits under 35 U.S.C. § 289, a reasonable royalty and trebling of damages for willful infringement under 35 U.S.C. § 284, as well as recovery of attorneys' fees under 35 U.S.C. § 285.

158.   Valentino seeks an order pursuant to 35 U.S.C. § 283 declaring that, by offering to sell and by selling the Infringing Products, Defendants have infringed upon U.S. Design Patent No. D812,354 and further restraining and enjoining Defendants from any additional infringement.

**EIGHTH CAUSE OF ACTION**
***(by Valentino against Defendants)***
**Infringement of U.S. Design Patent No. D852,473 – 35 U.S.C. § 271**

159.   Plaintiffs incorporate by reference the allegations of each and all of the preceding paragraphs as though set forth herein.

160.   Valentino is the owner of all rights, title, and interest in and to U.S. Design Patent No. D852,473.

161.   Defendants, without authorization from Valentino, have made, used, offered for sale, sold, and/or imported into or in the United States, and continue to make, use, offer for sale, sell, and/or import into or in the United States the Infringing Products which embody the design covered by U.S. Design Patent No. D852,473.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

162.    U.S. Design Patent No. D852,473 is infringed by Defendants' Infringing Products because in the eye of an ordinary observer, Defendants' design is substantially the same as the claimed design in U.S. Design Patent No. D852,473.

163.    By the foregoing acts, Defendants have infringed U.S. Design Patent No. D852,473 literally or under the doctrine of equivalents in violation of 35 U.S.C. §§ 271, et seq.

164.    Defendants' infringement is willful because it was and is done with knowledge of U.S. Design Patent No. D852,473 and knowledge that their conduct is and was an infringement, yet Defendants proceeded anyway.

165.    Defendants continue to engage in infringing U.S. Design Patent No. D852,473 as set forth above, and unless restrained and enjoined, Defendants will continue to do so, all to Valentino's irreparable damage.

166.    Valentino has suffered and will continue to suffer from the diversion of customers, sales and revenues from Valentino to Defendants, as well as from the reduction of goodwill associated by consumers with Valentino's Products.

167.    Valentino does not have an adequate remedy at law.

168.    Valentino seeks to recover all of Defendants' infringing profits under 35 U.S.C. § 289, a reasonable royalty and trebling of damages for willful infringement under 35 U.S.C. § 284, as well as recovery of attorneys' fees under 35 U.S.C. § 285.

169.    Valentino seeks an order pursuant to 35 U.S.C. § 283 declaring that, by offering to sell and by selling the Infringing Products, Defendants have infringed upon U.S. Design Patent No. D852,473 and further restraining and enjoining Defendant from any additional infringement.

**NINTH CAUSE OF ACTION**
**(by Valentino against Defendants)**
**Unfair Competition Under Washington Common Law**

170.    Plaintiffs incorporate by reference the allegations of each and all of the preceding paragraphs as though set forth herein.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

171.    Valentino is the exclusive owner and licensee of the Valentino Trademark.

172.    Defendants are "passing off" their Infringing Products as products associated with, sponsored by, or affiliated with Valentino, through Defendants' importation, marketing, offering for sale, and selling Infringing Products under the Valentino Trademark.

173.    Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and general consuming public as to the origin and quality of Defendants' products advertised, marketed, distributed, and/or sold under the Valentino Trademark.

174.    Defendants' unfair competition has harmed and is continuing to harm Valentino, its business, and its goodwill.

175.    In addition to monetary harm, Valentino has suffered and is continuing to suffer irreparable harm as a result of Defendants' unfair competition, and Valentino has no adequate remedy at law for such injuries. As a result of Defendants' activities, Valentino seeks damages and equitable relief.

## TENTH CAUSE OF ACTION
### *(by Amazon against Defendants)*
### Breach of Contract

176.    Plaintiffs incorporate by reference the allegations of each and all of the preceding paragraphs as though set forth herein.

177.    Defendants established an Amazon Selling Account and entered into Amazon's BSA, a binding and enforceable contract between Defendants and Amazon. Defendants also contractually agreed to be bound by the Conditions of Use of the Amazon website.

178.    Defendants' advertising, sale, and distribution of counterfeit Valentino products materially breached Section 5 of the BSA and the Conditions of Use of the Amazon website in numerous ways.  Among other things, Defendants' conduct constitutes infringement and misuse of the IP rights of Valentino.

179.    Defendants are subject to liability for the wrongful conduct alleged herein (*i.e.*,

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the misuse of Valentino's IP) both directly and under various principles of secondary liability, including without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

180. As described above, Defendants, through their illegal acts, have willfully deceived Amazon and its customers, compromised the integrity of Amazon's stores, threatened to undermine the trust that customers place in Amazon and Valentino, tarnished Amazon and Valentino's brands and reputations, and harmed Amazon and Valentino and their customers. Defendants' misconduct has also caused Amazon and Valentino to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from inflicting further harm on Valentino, Amazon, and their customers. Defendants' illegal acts have caused irreparable injury to Amazon, and that injury is ongoing. An award of monetary damages cannot fully compensate Amazon for its injuries, and Amazon lacks an adequate remedy at law.

181. Amazon is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below in order to stop Defendants' misuse of IP.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A. That the Court issue an order permanently enjoining Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all others in active concert or participation with them, from:

(i)    selling products on any of Amazon's websites or in any of Amazon's stores;

(ii)    opening or attempting to open any Amazon Selling Accounts;

(iii)    manufacturing, distributing, offering to sell, or selling any product using Valentino's brand, bearing the Valentino Trademark, embodying

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

34

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Valentino's Design Patents, or which otherwise infringes Valentino's intellectual property; and

(iv)    assisting, aiding or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (i) through (iii) above;

B.    That the Court enter judgment in Amazon's and Valentino's favor on all claims brought by them;

C.    That the Court enter an order pursuant to 15 U.S.C. § 1116 impounding all infringing products bearing the Valentino Trademark or that otherwise infringe the Valentino IP, and any related item, including business records, that are in Defendants' possession or under their control;

D.    That the Court enter an order pursuant to 35 U.S.C. § 283 declaring that Defendants infringed upon Valentino's design patent rights and restraining and enjoining Defendants from any further infringement of Valentino's design patent rights;

E.    That the Court enter an order requiring Defendants to provide Valentino a full and complete accounting of all amounts due and owing to Valentino as a result of Defendants' unlawful activities;

F.    That Defendants be required to pay all general, special, actual, and statutory damages which Valentino has sustained, or will sustain, as a consequence of Defendants' unlawful acts, including but not limited to willful infringement and/or counterfeiting, their profits attributable to the willful infringement and/or counterfeiting, and that such damages and profits be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, 35 U.S.C. § 284, 35 U.S.C. § 289, or otherwise allowed by law;

G.    That Defendants be required to pay the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117, 35 U.S.C. §§ 284, 285, and 289, or otherwise by law; and

H.    That the Court grant Amazon and Valentino such other, further, and additional relief as the Court deems just and equitable.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    DATED this 18th day of June 2020.

2                                        Respectfully Submitted,

3                                        Davis Wright Tremaine LLP
4                                        *Attorneys for Plaintiffs*

5
                                    By   *s/ Bonnie MacNaughton*
6                                        Bonnie MacNaughton, WSBA #36110
                                         *s/ Nathan Rouse*
7                                        Nathan Rouse, WSBA #46433
                                         920 Fifth Avenue, Suite 3300
8                                        Seattle, WA  98104-1604
9                                        Tel: (206) 622-3150
                                         Fax: (206) 757-7700
10                                       Email: bonniemacnaughton@dwt.com
11                                                nathanrouse@dwt.com

12                                       ARENT FOX LLP
13                                       *Attorneys for Plaintiffs*

14                                       *s/ Michelle Mancino Marsh*
15                                       Michelle Mancino Marsh (*pro hac vice
                                         forthcoming*)
16                                       1301 Avenue of the Americas, 42nd Floor
                                         New York, NY 10019
17                                       Tel: (212) 484-3900
18                                       Email: michelle.marsh@arentfox.com

19                                       *s/ Anthony Lupo*
                                         Anthony Lupo (*pro hac vice forthcoming*)
20                                       *s/ Katie Heilman*
                                         Katie Heilman (*pro hac vice forthcoming*)
21                                       */s Laura Zell*
                                         Laura Zell (*pro hac vice forthcoming*)
22                                       1717 K Street N.W.
23                                       Washington, D.C. 20006
                                         Tel: (202) 857-6000
24                                       Email: anthony.lupo@arentfox.com
25                                                katie.heilman@arentfox.com
                                                  laura.zell@arentfox.com
26

27
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

4845-0427-1808v.1 0051461-001134

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax